ACCEPTED
01-15-00523-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 2:07:04 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00523-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 2:07:04 PM
CHRISTOPHER A. PRINE
Clerk

GLENN BECKENDORFF, IN HIS OFFICIAL CAPACITY
AS WALLER COUNTY JUDGE, ET. AL.

Appellants

v.

CITY OF HEMPSTEAD, TEXAS, CITIZENS AGAINST THE
LANDFILL IN HEMPSTEAD, AND WALLER COUNTY

Appellees

On Appeal from the 506th Judicial District Court
of Waller County, Texas, Cause No. 13-03-21872;
The Honorable Terry Flenniken, Presiding

**CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD'S, THE CITY OF HEMPSTEAD'S AND WALLER COUNTY'S JOINT
RESPONSE TO APPELLANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO MOTIONS**

TO THE HONORABLE FIRST COURT OF APPEALS:

Comes now Citizens Against the Landfill in Hempstead (CALH), the City of Hempstead, and Waller County (collectively "Appellees") and file this Response to Appellants' Motion for Extension of Time to Respond to Motions. Appellees would respectfully ask that Motion for an Extension of Time be denied and in

1

support of this request would show unto the Honorable First Court of Appeals the following:

There are currently six motions pending before this Court related to the frivolous appeal of the *former* County Judge Glenn Beckendorff and *former* Commissioners Stan Kitzman and Frank Pokluda. Those motions are as follows:

1) City of Hempstead's Motion to Show Authority filed on June 5, 2015;

2) City of Hempstead's Notice of Automatic Substitution filed on June 5, 2015;

3) City of Hempstead's Motion for Damages filed on June 5, 2015;

4) City of Hempstead's Motion to Dismiss filed on June 8, 2015;

5) Waller County's Motion to Dismiss filed on June 12, 2015; and

6) Citizens Against the Landfill in Hempstead's Motion to Dismiss and Motion for Sanctions filed on June 18, 2015 (hereinafter collectively the "Motions").

On June 15, 2015, Appellants filed their first motion for extension of time to respond to the motions filed by the City of Hempstead. The basis for the Appellants' motion was that they needed the record to respond to the motions and the record had not been filed yet. The Appellants' requested a deadline of thirty days from the date the record was filed. That same day, the City of Hempstead filed a response objecting to the request for extension. The City of Hempstead

2

pointed out in its response that the record was not necessary to respond to the focus of its motions, which was that Appellants were no longer elected officials and lacked standing to pursue the appeal.

On June 19, 2015, the Honorable Michael Massengale, acting individually, ordered Appellants to file their responses to the Motions by no later than Monday, June 29, 2015. The Court went on to state that "any request for an extension beyond this date must explain **with particularity** the reasons why the clerk's record is needed to respond to the Motions" (bold emphasis in original).

On June 29, 2015, Appellants filed their second motion for extension of time to respond to all motions, except the Motion to Show Authority. Contrary to the requirements of TRAP 10.5(b)(1)(D), in the text of the motion, Appellants did not notify the Court that it was its second request and that the previous requests had been granted in part. Furthermore, Appellants did not state with particularity the reasons why the record was necessary to respond to the Motions. The only statement arguably responsive to this requirement was that counsel for Appellant was not the trial counsel. The motion went on to state, "we very much feel it is our responsibility to have an opportunity to review the over 12,000 pages of the records that were filed to properly represent the Appellants and be able to respond to the underlying motions." This statement is severely lacking.

As noted by the City of Hempstead in its response to the first request for extension, nothing in the record will assist counsel for Appellants in explaining how or why former elected officials have standing or capacity to bring an appeal when they were not parties at the time the judgment was entered. Nothing in the record will add clarity to what specific legal remedies were allegedly adjudicated against Appellants when counsel for Appellants has already admitted he reviewed the judgment. The only alleged remedies adjudicated against Appellants would be found in the agreed final judgment, and no testimony or prior pleadings in the record will affect what appears on the face of that judgment. Lastly, nothing in the record will justify how former elected officials filing an appeal "in their official capacity," which no longer exists, is in good faith.

While counsel for Appellants claims this is a complex appeal, counsel fails to articulate any specifics to justify that statement or to justify why responding to the City of Hempstead's, Waller County's, and CALH's Motions would be complex. The only potential complexity to this appeal has been self created by Appellants whereby persons who do not have standing are seeking to defeat a judgment which all parties agreed to at the trial court. To pull that off would require mental gymnastics that are not supported by legal precedent. Further, even if the appeal were complex, the issue of standing and the appellate Court's jurisdiction to hear the appeal are preliminary matters that do not implicate the

4

merits.  *See Whitworth v. Whitworth*, 222 S.W.3d 616, 640 (Tex. App. – Houston [1st Dist.] 2007)("Dismissal for lack of subject matter jurisdiction does not decide the merits of the case.").

"A party's standing to seek relief is a question of law. . . ." *In re McDaniel*, 408 S.W.3d 389, 397 (Tex. App. – Houston [1st Dist.] 2011, no pet. h.).  In the court's review of standing, it must take as true all evidence favorable to the challenged party.  *Id.*  Here, the evidence on this issue is undisputed and comes directly from Appellants in the form of the motions and affidavits they filed in this proceeding.  Specifically, the affidavits of Glenn Beckendorff and Stan Kitzman attached to Appellants' Response to Hempstead's Motion to Show Authority filed on June 29, 2015 make it clear that Appellants were no longer in office after December 31, 2014.  Further, the Agreed Final Judgment was entered when Appellants were no longer in office.

The fact that an official capacity suit is another way of pleading a suit against the governmental entity, and not the individual, is black letter law as discussed in Appellees' Motions.  Because no extension of time will allow Appellants to find one case which states to the contrary, Appellants' request for an extension of time is futile and should be denied.

For all the foregoing reasons, Appellees respectfully requests this Court to 1) deny Appellants' Second Request for Extension of Time to Respond to Motions, 2) grant the relief sought by Appellees in their Motions, and 3) grant such further relief to which Appellees may be entitled at law or in equity.

Respectfully Submitted,

HANCE SCARBOROUGH, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Telephone: (512)479-8888
Facsimile: (512)482-6891

By: __/s/ V. Blayre Peña_____
V. Blayre Peña
State Bar No. 24050372
bpena@hslawmail.com
Terry L. Scarborough
State Bar No. 17716000
tscarborough@hslawmail.com
Wesley P. McGuffey
State Bar No. 24088023
wmcguffey@hslawmail.com
COUNSEL FOR APPELLEE
CITIZENS AGAINST THE
LANDFILL IN HEMPSTEAD

WALLER COUNTY CRIMINAL
DISTRICT ATTORNEY'S OFFICE
645 12th Street
Hempstead, TX 77445
Telephone: (979)826-7718
Facsimile: (979)826-7722

By: /s/ Elton R. Mathis, Jr.
Elton R. Mathis, Jr.
State Bar No. 24014568
e.mathis@wallercounty.us
ATTORNEYS FOR APPELLEES
WALLER COUNTY AND ITS ELECTED
OFFICIALS IN THEIR OFFICIAL
CAPACITY

OLSON & OLSON, LLP
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone: (713)533-3800
Facsimile: (713)533-3888

By: /s/ Eric C. Farrar
Eric C. Farrar
State Bar No. 24036549
efarrar@olsonllp.com
ATTORNEYS FOR APPELLEE
CITY OF HEMPSTEAD

7

# CERTIFICATE OF SERVICE

I certify that on July 8, 2015, a true and correct copy of this document was forwarded via certified mail, return receipt requested, facsimile, and/or electronically, to the following:

David A. Carp
dcarp@hcmlegal.com
HERGZOG & CARP
427 Mason Park Boulevard
Katy, Texas 77450
Facsimile: (512) 781-4797
*Attorneys for Appellants*

Eric C. Farrar
efarrar@olsonllp.com
Art Pertile
apertile@olsonllp.com
OLSON & OLSON, LLP
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone: (713)533-3800
Facsimile: (713)533-3888
*Attorneys for Appellee*
*City of Hempstead*

Elton Mathis, Jr.
e.mathis@wallercounty.us
WALLER COUNTY DISTRICT ATTORNEY
Ruhee G. Leonard
r.leonard@wallercounty.us
Assistant District Attorney
645 12th Street
Hempstead, Texas 77445
Facsimile (919) 826-7722
*Attorneys for Waller County*

Hon. Terry Flenniken, Visiting Judge
terryflenniken@gmail.com
506th Judicial District Court
403 West Alamo Street,
Brenham, Texas 77833
Telephone: (979)251-2760
Facsimile: (979) 277-0030

Brent W. Ryan
bryan@msmtx.com
MCELROY, SULLIVAN, MILLER,
WEBER, & OLMSTEAD, LLP
P.O. Box 12127
Austin, Texas 78711
Telephone: (512) 372-8111
Facsimile: (512)327-6566
*Attorney for Pintail Landfill, LLC*

Michael S. Truesdale
mike@truesdalelaw.com
LAW OFFICE OF MICHAEL S. TRUESDALE, PLLC
801 West Avenue, Suite 201
Austin, Texas 78701
Telephone: (512)482-8671
Facsimile: (866)847-8719
*Attorney for Pintail Landfill, LLC*

/s/ V. Blayre Peña
V. Blayre Peña

8